IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carmichael T. Flowers, | ) | |
| | ) | C/A No. 8:16-3168-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Lavern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Carmichael T. Flowers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On September 29, 2016, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation recommending Petitioner's petition be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 9). Petitioner timely filed objections. (ECF No. 17). Petitioner also filed a motion to amend his petition. (ECF No. 12).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a

timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge found that this habeas petition was a second or successive § 2254 petition, and she recommended that the petition be dismissed because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a successive petition. (Report at 4). In his objections, Petitioner alleges that this action is different from his prior habeas action because he is challenging subject matter jurisdiction and he thus contends that this court has the discretion to entertain "this successive application." (Objections at 10). The court disagrees. As the magistrate judge found, this habeas petition is successive, and Petitioner must obtain authorization from the Fourth Circuit Court of Appeals before this court can consider the merits of the petition. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *see also* 28 U.S.C. § 2244(b)(3). Without such authorization, a district court lacks jurisdiction to review a successive petition. *Winestock*, 340 F.3d at 205. Moreover, Petitioner's motion to amend his petition is futile as the proposed amended petition is also successive and Petitioner must obtain the necessary authorization to file a successive habeas petition.

Based on a review of the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation (ECF No. 9). Accordingly, Petitioner's petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return. Further, Petitioner's motion to amend his Petition (ECF No. 12) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January30, 2017

3